JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIMI KIM,<br><br>            Plaintiff,<br><br>   v.<br><br>FORD MOTOR COMPANY,<br><br>            Defendant. | Case No. CV 25-4161 PVC<br><br>**MEMORANDUM OPINION AND ORDER DISMISSING CASE WITH PREJUDICE FOR FAILURE TO PROSECUTE AND FOLLOW COURT ORDERS** |

I.

INTRODUCTION

On December 2, 2024, Plaintiff filed this civil action against Defendant in Los Angeles County Superior Court, alleging breach of express warranty, breach of the implied warranty of merchantability, and violation of California Civil Code § 1793.2(b). (Dkt. No. 1-1). On May 7, 2025, Defendant answered the Complaint. (Dkt. No. 1-2). On May 8, 2025, Defendant removed the action to federal court, asserting that diversity of citizenship exists between the parties and that the amount in controversy plausibly exceeds $75,000. (Dkt. No. 1). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge. (Dkt. Nos. 4, 5).

On June 30, 2025, the Court issued a Scheduling Order, which *inter alia* ordered the parties to "file form ADR 01 requesting their joint selection of an ADR procedure" no later than July 14, 2025. (Dkt. No. 11 at 2). On August 1, 2025, the Court reminded the parties that their Form ADR 01 was overdue. (Dkt. No. 12). On August 12, the Court issued an Order to Show Cause why this action should not be dismissed for failure to prosecute and follow court orders. ("OSC," Dkt. No. 13). In the OSC, the Court gave Plaintiff until August 26, 2025, to either file Form ADR 01 or submit a signed declaration explaining why she is unable to do so. (*Id.*). The Court explicitly warned Plaintiff "<u>that failure to timely file a response to this OSC will result in this action being dismissed with prejudice for failure to prosecute and follow court orders, pursuant to Federal Rule of Civil Procedure 41(b)</u>." (*Id.*). To date, Plaintiff has not responded to the OSC.

## II.

## DISCUSSION

Federal Rule of Civil Procedure 41(b) grants district courts the authority to dismiss actions sua sponte for failure to prosecute or obey court orders. *See Link v. Wabash R.R.*, 370 U.S. 626, 629–31 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."); *accord Arellano v. Hodge*, No. 314CV00590RBMJLB, 2024 WL 1298066, at *5 (S.D. Cal. Mar. 25, 2024) ("A district court may dismiss an action under Rule 41(b) *sua sponte*."); *see also Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) ("The district court has the inherent power sua sponte to dismiss a case for lack of prosecution."). Except for limited exceptions—which do not apply here—a dismissal for failure to prosecute in an adjudication on the merits. Fed. R. Civ. P. 41(b) ("[A] dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits."); *see Stewart v. U.S. Bancorp*, 297 F.3d

953, 956 (9th Cir. 2002) (dismissal interpreted as an adjudication on the merits unless one of the Rule 41(b) exceptions applies).

However, "because … public policy favors disposition of cases on their merits," "dismissal is a harsh penalty and is to be imposed only in extreme circumstances." *Blixseth v. Credit Suisse*, 961 F.3d 1074, 1080 (9th Cir. 2020) (citation omitted).  In considering whether to dismiss an action for failure to prosecute, a court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Quintara Biosciences, Inc. v. Ruifeng Biztech, Inc.*, —F.4th—, No. 23-16093, 2025 WL 2315671, at *6 (9th Cir. Aug. 12, 2025) (citation omitted).  Here, these factors favor dismissal.

### A. Expeditious Resolution and The Court's Need to Manage Its Docket

The first two factors, the public's interest in expeditious resolution of litigation and the Court's need to manage its docket, favor dismissal.  Despite the Court warning Plaintiff that failure to file the required ADR 01 form would result in a dismissal with prejudice, she has neither filed the Form nor advised the Court as to why she is unable to do so.  Plaintiff's conduct hinders the Court's ability to move this case toward disposition and indicates that Plaintiff does not intend to litigate this action diligently.  *See Ash v. Cvetkov*, 739 F.2d 493, 496-97 (9th Cir. 1984) (affirming dismissal of action for failure to prosecute where plaintiff's failure to respond to a court order resulted in month-long delay).  As a result, the first two factors favor dismissal.

### B. The Risk of Prejudice to Defendants

The third factor, prejudice to Defendant, also favors dismissal. "Unreasonable delay is the foundation upon which a court may presume prejudice." *Southwest Marine Inc. v. Danzig*, 217 F.3d 1128, 1138 (9th Cir. 2000). The risk of prejudice to an opposing party is related to the reason given for the failure to prosecute an action. *See Pagtalunan*, 291 F.3d at 642. Where a party offers a poor excuse for failing to comply with a court's order, the prejudice to the opposing party is sufficient to favor dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 991-92 (9th Cir. 1999). Here, Plaintiff has not offered *any* excuse for failing to comply with the Court's Orders. This case is at an impasse entirely of Plaintiff's own creation. Accordingly, the risk of prejudice to Defendant favors dismissal.

### C. Less Drastic Alternatives

The fifth factor, the availability of less drastic alternatives, also favors dismissal. The Court attempted to avoid outright dismissal of this action by first reminding Plaintiff that the Form was overdue and then by issuing an OSC to afford Plaintiff an opportunity to either file the requisite Form or provide an explanation for her delay. Plaintiff has failed to comply with the Court's Orders. Accordingly, this factor also strongly favors dismissal of this action. *See Henderson*, 779 F.2d at 1424 ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case[ ] but must explore possible and meaningful alternatives.").

### D. Public Policy Favoring Disposition on The Merits

The fourth factor, the public policy favoring the disposition of cases on their merits, ordinarily weighs against dismissal. However, it is the responsibility of the

moving party to prosecute the action at a reasonable pace and to refrain from dilatory and evasive tactics. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not discharged this responsibility despite having ample time and opportunity to do so. Under these circumstances, the public policy favoring the resolution of disputes on the merits does not outweigh Plaintiff's failure to file required documents.

Despite the Court's Orders expressly requiring her to do so, Plaintiff has neither filed Form ADR 01 nor provided any explanation for her dilatory behavior. Therefore, this action will be dismissed with prejudice under Rule 41(b) for failure to prosecute and obey court orders.

### III.
### CONCLUSION

According, IT IS ORDERED that Judgment be entered **DISMISSING THIS ACTION WITH PREJUDICE** for failure to prosecute and obey court orders.

Dated: September 9, 2025

PEDRO V. CASTILLO
UNITED STATES MAGISTRATE JUDGE